IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01845-TPO

CARLOS ALFREDO ORTIZ MELENDEZ,

     Petitioner,

v.

JUAN BALTASAR, Warden,
Aurora Contract Detention Facility;
TODD BLANCHE,
Attorney General of the United States;
MARKWAYNE MULLIN,
Secretary of the Department of Homeland Security;
TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
ROBERT HAGAN,
Field Director of the ICE Enforcement and Removal Operations Denver Field Office,

in their official capacities,

     Respondents.

---

## ORDER TO SHOW CAUSE

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF 1. Petitioner is "in custody" for § 2241 purposes because he is detained at the Immigration and Customs Enforcement (ICE) Denver Contract Detention Facility in Aurora, Colorado. *Id*. ¶ 3. The Clerk of Court directly assigned this case pursuant to D.C.COLO.LCivR 40.1. ECF 3.

Petitioner is a citizen of El Salvador. *Id.* ¶ 31. Petitioner entered the United States without inspection as an unaccompanied minor in 2007, and he has resided in the country continuously since then. *Id.* ¶¶ 1; 31. Petitioner is a parent, caretaker, and primary financial provider to his two

special needs children, who are both United States citizens. *Id.* ¶ 31. On June 10, 2025, Petitioner was detained by ICE outside of his home in Chelsea, Massachusetts and has remained in ICE custody since his arrest. *Id.* ¶ 2.

After Petitioner was transferred to the ICE detention facility in Aurora, a custody redetermination hearing was held on July 7, 2025, upon Petitioner's request. *Id.* ¶ 9; ECF 1-1. At the hearing, Respondents introduced Form I-213, Record of Inadmissible Noncitizen. ECF 1 ¶ 9. The Form I-213 "included allegations by DHS that the FBI had, at one time, identified [Petitioner] as a 'leader' of, or 'active in' the '18th Street' gang." *Id.* However, Petitioner contests these allegations and states that Respondents have not introduced corroborating evidence, and no probable cause affidavit was attached to the Form I-213. *Id.* On July 17, 2025, an Immigration Judge (IJ) found Petitioner posed a danger to the community and denied bond. *Id.* ¶ 11; ECF 1-2.

Petitioner requested and was provided with a second custody redetermination hearing on August 15, 2025. *Id.* ¶ 12. At that time, based on DHS's new policy, Respondents took the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *Id.* ¶¶ 12-13. The IJ found jurisdiction lacking and denied bond based on this new interpretation of the Immigration and Nationality Act (INA). *Id.* ¶ 13.

Several merits hearings were conducted in Petitioner's removal proceedings: on October 23, 2025; November 14, 2025; December 15, 2025; and January 8, 2025. *Id.* ¶ 14. At these proceedings, Petitioner denied the allegations of any gang affiliation. *Id.*

On August 15, 2025, Petitioner applied for Non-LPR Cancellation of Removal under 8 U.S.C. § 1229b. *Id.* ¶ 8. On November 7, 2025, he sought relief under the Convention Against Torture, 8 CFR § 208.18. *Id.* On February 19, 2026, the IJ denied Petitioner's applications for

relief under the Convention Against Torture and under 8 U.S.C. § 1229b. *Id.* ¶ 19. Petitioner appealed this decision to the Board of Immigration Appeals (BIA), where it remains pending. *Id.*

Petitioner challenges the lawfulness of his current detention under 8 U.S.C. § 1225(b) while his removal proceedings remain pending. *Id.* ¶ 20. Instead, Petitioner maintains his detention should be governed by § 1226, which entitles him to an individualized custody determination. *See id.* ¶¶ 54-67. Petitioner pleads three claims for relief, asserting his detention is in violation of: (1) the INA, 8 U.S.C. § 1225(b), *id.* ¶¶ 88-92; (2) the Due Process Clause of the Fifth Amendment, *id.* ¶¶ 93-98; (3) and the Suspension Clause of the United States Constitution, *id.* ¶¶ 99-102. Among other relief, (1) Petitioner requests that this Court issue an Order to Show Cause for Respondents to respond in writing as to why the Petition, ECF 1, should not be granted; (2) declare his detention unlawful; (3) enjoin Respondents from re-detaining Petitioner; (4) declare Respondents have not met their burden to demonstrate that Petitioner poses a danger to the community; and (5) enjoin Respondents from relying on the For I-213 allegations. *See id.* at 32-33.

After preliminary consideration of the Petition, this Court ORDERS as follows:

Petitioner shall serve the Respondents with the Petition, exhibits, and this Order to Show Cause by **<u>May 20, 2026</u>**. Within 48 hours of serving Respondents, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter notices of appearance.

On or before **May 27, 2026**, Respondents shall show cause why the Petition should not be granted.

By the same deadline of **May 27, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 4].

On or before **June 1, 2026**, Petitioner may file a Reply in support of the Petition.

SO ORDERED.

DATED at Denver, Colorado, this 15th day of May, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge