IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01845-TPO

CARLOS ALFREDO ORTIZ MELENDEZ,

Petitioner,

v.
JUAN BALTASAR, Warden,
Aurora Contract Detention Facility;
TODD BLANCHE,
Attorney General of the United States;
MARKWAYNE MULLIN,
Secretary of the Department of Homeland Security;
DAVID VENTERULLA,
Acting Director of Immigration and Customs Enforcement; and
ROBERT HAGAN,
Field Director of the ICE Enforcement and Removal Operations Denver Field Office,

in their official capacities,

Respondents.

---

**MINUTE ORDER**

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on November 6, 2026.**

Before the Court is Respondents' Motion to Dismiss Proceedings as Moot and Vacate Hearing [ECF 26], Petitioner's Motion to Enforce Compliance with Court Order [ECF 16], and Petitioner's Unopposed Motion to Expedite Ruling on Pending Motion to Enforce [ECF 22].

On August 18, 2025, at Petitioner's first bond hearing the Immigration Judge denied release. ECF 1-4, at 4. On April 29, 2026 Petitioner filed his verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

On July 2, 2026, this Court granted the verified Petition and found that the Petitioner was entitled to a bond redetermination hearing. ECF 14. On July 8, 2026, the bond redetermination hearing was held and bond was denied. ECF 15. On July 16, 2026, Petitioner filed a Motion to Enforce. ECF 16. The Court set a Motions Hearing for November 9, 2026. ECF 24.

On November 4, 2026, Respondents advised the Court that Petitioner was removed to El Salvador. ECF 26 ¶ 4, ECF 28 (confirming Petitioner was removed to El Salvador). After a Petitioner is removed, they are unable to benefit from a bond hearing. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Here, Petitioner was removed to El Salvador and cannot benefit from

a bond hearing. ECF 26 ¶ 4, ECF 28. Accordingly, the Petitioner's Motion to Enforce [ECF 16], and Motion to Expedite [ECF 22] are **denied** as moot. *See* ECF 28 (confirming Petitioner's understanding that the motions are now moot).

The Respondents' Motion to Dismiss and Vacate Hearing [ECF 26] is **granted in part** and **denied in part**. The Motion [ECF 26] is **granted** with respect to the request to vacate the November 9, 2026 Motion Hearing. Noting that both the Motion to Enforce [ECF 16] and Motion to Expedite [ECF 22] are moot following Petitioner's removal, so too is the Motion Hearing. Accordingly, the Court **vacates** the Motion Hearing set on November 9, 2026.

The Respondent's Motion [ECF 26] is **denied** with respect to the request of dismissal. The Court notes that the Petitioner's habeas corpus petition was already granted. ECF 14. Thus, the Court finds that entry of dismissal would be improper.

Finally, noting that Petitioner's Motion to Enforce is now moot, there is no need to take further action in this case.

The Clerk of Court shall **close** this case and shall enter Final Judgment in Petitioner's favor.